# Schuler v. Getzendaner.

February 20, 1951.

Joseph P. Goodenough, Judge.

Charles E. Dunn for appellant.

Orie S. Ware and William O. Ware for appellee.

JUDGE MILLIKIN—Affirming.

This action is brought under the Declaratory Judgment Act, Section 639a-1 et seq., Civil Code of Practice, for the construction of a will devising real estate and, if the desired construction is obtained, it is prayed that the court will direct the specific performance of a contract for the purchase of land.

Eugenia Getzendaner has claimed ownership of the land under the will of Eugenia Williams Bristow which was probated November 18, 1889, and recorded in Will Book No. 2, page 86, of the Kenton County records at Independence, Kentucky. Mrs. Getzendaner has contracted to sell the real estate in question to the appellant, Henry H. Schuler, and he is willing to comply with his contract providing he is assured the fee simple title to the real estate has passed to Mrs. Getzendaner under the aforesaid will. The chancellor concluded that

the will passed the fee simple title to Mrs. Getzendaner, decreed specific performance of the contract, and it is from this judgment that this appeal is taken.

The opinion of the chancellor reads in part:

"The facts are that Eugenia Williams Bristow died in November, 1889, and by her will dated May 2nd, 1889, and probated November 18th, 1889, she devised sixty acres of land to her husband, Ben Frank Bristow, for life, and at his death to her foster granddaughter, Eugenia Bristow, now Eugenia Getzendaner, plaintiff in this action. Eugenia Williams Bristow and Ben Frank Bristow, her husband, had reared a foster child named Mary J. Bristow, and she married Leonard Bristow of the same name, and they had a child Eugenia Bristow, who is the plaintiff, Eugenia Getzendaner.

"Item 3 of the will of Eugenia Williams Bristow is as follows:

" 'Item 3. My husband shall have the remaining sixty acres of land to hold and use to his interest during his life. At his death it shall be deeded to Eugenia Bristow (daughter of Mary J. Bristow) and her children. In event that she should die before coming into possession of said land it shall go to my sisters, Carrie B. Dudley, Stella J. Williams, and my brother Charley Williams to be equally divided between them.'

"Eugenia Bristow (now Eugenia Getzendaner) was born April 9th, 1887, and was 2½ years of age at the time of the death of her foster grandmother, Eugenia Williams Bristow. By this item of her will Eugenia Williams Bristow devised sixty acres of land, 51.45 acres of which is included in the sale of the 101.45 acres described in the petition, to her husband, Ben Frank Bristow, during his life, and at his death it shall be deeded to Eugenia Bristow and her children, and in the event Eugenia Bristow should die before coming into possession of said land it should go to her (Eugenia Williams Bristow's) sisters and brother. The life tenant, Ben Frank Bristow, died December 30th, 1927, and at that time Eugenia Bristow (plaintiff) was forty years of age, and came into possession of the property and has enjoyed and used it as her own since that time, and in the interim has sold some of it, on which improvements have been made. Eugenia Bristow Getzendaner is now

a widow, sixty-three years of age, and without issue. She survived the life tenant and came into possession of the property upon his death, December 30th, 1927. * * *

"The legal question presented involves a construction of the will of Eugenia Williams Bristow, which is filed with and made a part of the petition, and particularly Item 3 of said will. It is perfectly clear that under the language of Item 3 of the will, it was the intention of the testatrix to give Eugenia Bristow (now Eugenia Getzendaner) a fee simple estate if she survived the life tenant, Ben Frank Bristow. The will was obviously drawn by an unskilled person and to some extent presents the question as to whether or not the words 'her children' were words of limitation or of purchase. The will provides that after the death of the life tenant it should be deeded to Eugenia Bristow (Mrs. Getzendaner) and her children, and, had she stopped there, it might present some question as to the interpretation of the words 'her children' and whether they were words of limitation or words of purchase. However, in the last sentence of Item 3 she very clearly enlarges the quantum of the estate devised to Eugenia Bristow (Mrs. Getzendaner), and makes certain and definite the intention, of the testatrix. She provides in the event Eugenia Bristow (Mrs. Getzendaner) should die before coming into possession of said land, that is, during the life of her foster grandfather, Ben Frank Bristow, it should go to the two sisters and brother of testatrix. Evidently the word 'deeded' is equivalent to 'devised' and it is also perfectly evident that the word 'possession' referred to the future enjoyment of the estate devised if she survived Ben Frank Bristow, life tenant. Certainly if she did not intend Eugenia Bristow (Mrs. Getzendaner) to have the fee she would have provided that in event of the death of Eugenia Bristow without issue, it would pass to her two sisters and brother, but since she provided that if Eugenia Bristow (Mrs. Getzendaner) alone died before the life tenant it should pass to others, she must have intended to vest Eugenia Bristow (Mrs. Getzendaner) with the fee simple title, if she survived the life tenant. This plain language of Item 3 of the will authorizes this conclusion. In view of this language, as a converse proposition, if Eugenia Bristow (Mrs. Getzendaner) had died during the life of the life tenant, with issue, could such issue have successfully contended

they had any interest in the property? It would seem not. This fortifies the conclusion that the word 'children' in the first part of Item 3 of the will was intended as a word of inheritance or limitation and not of purchase, and it also makes certain that Eugenia Bristow (now Getzendaner) took a defeasible fee, subject to being defeated if she died during the lifetime of Ben Frank Bristow, and since she survived Ben Frank Bristow, her fee simple estate in the land devised became absolute.
* * *

"However, it is the opinion of this court that the unambiguous language of Item 3 of this will settles the question here presented and that the plaintiff, Eugenia Getzendaner, having survived the life tenant, her defeasible fee became absolute and she is now the owner of a good marketable fee simple title."

We concur in the opinion of the chancellor because we believe it accurately reflects the intention of the testatrix. Since it is axiomatic that "no will has a brother," we do not believe the citation of cases would be helpful.

Judgment affirmed.